UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IVAN LEE MATTHEWS II,<br><br>Plaintiff,<br><br>v.<br><br>ELY STATE PRISON, *et al.*,<br><br>Defendants. | Case No. 3:18-cv-00561-MMD-CLB<br><br>ORDER |

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983 by a person in the custody of the Nevada Department of Corrections. On November 15, 2019, the Court issued an order dismissing the complaint with leave to amend the complaint within 30 days. (ECF No. 10 at 8-9.) The time period for filing an amended complaint has now expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure

to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors weighing in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint within 30 days expressly informed Plaintiff that "if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action shall be dismissed with prejudice for failure to state a colorable claim against any Defendant and for failure to comply with Rule 8." (ECF No. 10 at 9.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint within thirty days. In sum, the Court will dismiss this case.

It addition, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 7) without having to prepay the full filing fee is granted. Plaintiff will not be

required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

Pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections will pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (Ivan Lee Matthews II, #1127748), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court is directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of the Court will also send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

It is further ordered that this action is dismissed with prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's November 15, 2019 order and for failure to state a claim.

The Clerk of Court is further directed to enter judgment accordingly and close this case.

DATED THIS 18th day of December 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE